OPINION
Defendant Brian M. Wilson appeals a judgment of the Court of Common Pleas of Knox County, Ohio, which convicted and sentenced him for one count of domestic violence, a fifth degree felony, in violation of R.C. 2919.25, after appellant changed his plea from not guilty to guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO THE MAXIMUM SENTENCE ALLOWED BY LAW WITHOUT MAKING ADEQUATE FINDINGS OF FACT AND CONCLUSIONS OF LAW.
The record indicates the trial court accepted appellant's plea of guilty and sentenced him to the maximum penalty allowed by law, twelve months incarceration. The trial court's judgment entry of May 21, 1999, cited to R.C. 2929.13(D), and found appellant had caused physical harm to a person; had a history of criminal convictions or delinquency adjudications; was previous subjected to community control sanctions; showed no genuine remorse; had previous convictions that caused physical harm to another person; and is not amenable to community sanctions. The trial court further found a non-prison sanction demeans the seriousness of this offense and would not adequately punish appellant and protect the public. The trial court further found the factors increasing seriousness outweigh those decreasing seriousness, and there was likelihood of recidivism. The court specifically found pursuant to R.C. 2929.14(C) that this offender possesses the greatest likelihood of committing future crimes. The trial court also recited the above conclusions at the sentencing hearing, noting appellant had four prior convictions for domestic violence, and one which had originally been charged as domestic violence and was amended to a charge of negligent assault, Transcript of May 21, 1999, at 4. Appellant urges the trial court committed an abuse of discretion in imposing the maximum allowable sentence with only what appellant characterizes as cursory attention to the factors sets forth in the Revised Code. Appellant urges us to find the court's imposition of the maximum sentence contrary to the law. Appellant urges the court should not have focused solely on the fact that he had prior offenses without making a determination that the victim had serious physical harm or otherwise examining the circumstances surrounding the offenses. Although appellant concedes the court is not obligated to state every reason for its sentence on the record, nevertheless, the court must indicate the factual basis without simply parroting the statute. Appellant notes he was not under community control or probation at the time of this offense, and there is no indication he was under the influence of drugs or alcohol. Appellant notes the conduct for which he was sentenced did not result in the victim being hospitalized or otherwise requiring medical attention. We have reviewed the record, and we find the trial court did not simply parrot the statute, but rather made specific observations regarding appellant's course of conduct, including, but not limiting to, his prior convictions. The trial court ordered a pre-sentence investigation, and stated on the record it had considered the relevant factors of the Ohio Revised Code. R.C.2953.08 provides we may vacate a sentence and remand the matter back to the trial court for re-sentencing only if we clearly and convincingly find the record does not support the sentence, the court did not specifically find one or more of the factors listed in R.C. 2929.13 was applicable; or that the sentence is contrary to law. We have reviewed the record, and we find clearly and convincingly that the record does support the sentence, there is a sufficient basis for imposing the sentence, and the sentence is not contrary to law. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Wise, P.J., and Reader, J., concur.